BUCKLEY, Administrator, vs. LEWIS and another.

*Notice of trial.*

Under chap. 71, Laws of 1859, it is optional with the party noticing a cause for trial, whether he will proceed or not; and if the opposite party wishes to be in a position to force a trial, he must himself notice it..

APPEAL from the Circuit Court for *Jefferson* County.

The defendants appealed from an order refusing to set aside a verdict for the plaintiff, and grant a new trial. The case is stated in the opinion of the court.

*Jas. G. Jenkins*, for appellants.

*Winsor & Smith*, for respondent.

DOWNER, J. Notice of trial was served by the defendants on the plaintiff's attorney in this case according to the provisions of sec. 1, chap. 71, Laws of 1859 ; and the plaintiff's attorney, at the term for which it was noticed, in the absence of the defendant's attorney and without having himself noticed the action for trial, when it was reached on the calendar, proceeded with the case to verdict and judgment. It is contended by the appellants, defendants below, that he had no right so to do—that it is optional with the party noticing a cause for trial, whether he will proceed or not ; and that if the opposite party wishes to be in a position to force the cause to trial, he must himself notice it.

It is provided by section one of the chapter aforesaid that "at any time after issue joined in any civil action, either party may bring the same on for trial at any term of the court at which the same is triable, by giving notice of trial at least ten days before such term." The language "*either party by giving notice may bring the same on for trial,*" clearly indicates that the party who would be an actor and move the cause must himself serve a notice of trial on the opposite party. It is insisted, however, that sec. 9, chap. 132, R. S., is in full force, and that when once the action is on the calendar, either party

may, according to its provisions, bring the issue to trial in the absence of the adverse party.

If this were so, then we must construe chap. 71, Laws of 1859, as only providing for putting cases on the calendar; which would be contrary to its obvious meaning. We must hold that the latter act modifies or repeals in part the provisions of sec. 9, chap. 132, R. S., and that the plaintiff had no right, in the absence of the defendants' attorney, to proceed with the action.

*By the Court.*—The order of the circuit court is reversed.